UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJKISHAN ARIKAPUDI (A-Number: 240 465 185),<br><br>Plaintiff,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-05805-KES-EGC (HC)<br><br>ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 5 |

This habeas action concerns the detention of petitioner Rajkishan Arikapudi, who was detained by immigration authorities in July 2026. For the reasons explained below, the petition for writ of habeas corpus is granted.

## I. BACKGROUND

Petitioner Rajkishan Arikapudi entered the United States on a F-1 student visa status in 2010. Doc. 5 at ¶ 6. Petitioner was a graduate student at California State University, Fresno, and U.C. Davis, and by 2020 he had received a master's degree and his PhD. *Id.* at ¶ 25. In 2021, he married his wife; they currently have a three-year-old son, who is a U.S. citizen. *Id.* at ¶¶ 26–27.

From approximately 2020 to 2023, petitioner completed his Optional Practical Training, which is a form of temporary work authorization tied to his F-1 visa, working as a postdoctoral research scholar at U.C. Davis. *Id.* at ¶¶ 2, 25. In January 2023, U.C. Davis filed a petition to

sponsor petitioner for an H-1B employment-based visa, and in August 2023, U.S. Citizenship and Immigration Services ("USCIS") approved the petition. *Id.* at ¶¶ 2, 28–29. Petitioner's H-1B visa was valid until February 2026. *Id.* at ¶ 2.

In September 2025, petitioner applied to change his immigration status from an H-1B to an H-4 visa, as a derivative spouse of his wife's approved H-1B visa. *Id.* at ¶ 31. The application is currently pending before the USCIS. *Id.*

On July 23, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested petitioner at his home. *Id.* at ¶ 3. Respondents allege that petitioner was served with a warrant. *See* Docs. 9 at 3; 9-2 at 1–2. Petitioner alleges that the warrant was not issued before his arrest and that he was not presented with a warrant when he was arrested. *See* Docs. 5 at ¶ 1; 10 at 4–6.

Petitioner was first held at the Sacramento ICE Processing Center and then transferred to the Golden State Annex, where he is currently detained. *Id.* at ¶ 33. On July 24, 2026, petitioner filed a writ of habeas corpus. Doc. 1. An order to show cause was issued on July 28, 2026. Doc. 4. Petitioner filed his first amended petition for writ of habeas corpus and a motion for a temporary restraining order on July 28, 2026. Doc. 5, 6. The Court issued a minute order on July 29, 2026 setting a response deadline. Doc. 7. Respondents filed a response on August 4, 2026 and petitioner filed a traverse on August 6, 2026. Docs. 9, 10.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III. DISCUSSION

Prior to his visa expiration, petitioner had lawfully resided in the United States on H1-B visa status since August 2023. *See* Doc. 5 at ¶¶ 2, 29. While petitioner's H1-B visa expired in February 2026, his H-4 visa application, which he filed in September 2025, remains currently pending before the USCIS. *See id.* at ¶¶ 2, 31. Petitioner argues that his arrest was warrantless in violation of § 1226(a) and that his detention without a pre-deprivation bond hearing violates the Due Process Clause of the Fifth Amendment. *See id.* at ¶¶ 91-102. Respondents argue that petitioner was served a warrant, that he has failed to exhaust his administrative remedy of a § 1226(a) bond hearing, and that a pre-deprivation hearing is not required. *See* Doc. 9 at 3–6.

The prudential exhaustion requirement does not preclude review of the petition. Petitioner raises a constitutional claim regarding his detention without a pre-deprivation hearing, and the immigration court does not have jurisdiction to address constitutional issues. *See Montoya Echeverria v. Barr*, No. 20-cv-02917-JSC, 2020 WL 2759731, at *6 (N.D. Cal. May 27, 2020) (citing *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)). "When, as here, the [] claim is a constitutional one beyond the agency's competence to resolve, the prudential exhaustion requirement does not bar review." *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026). The Court therefore waives any prudential exhaustion requirement and proceeds to the merits.

Procedural due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner has a protected liberty interest in his freedom from detention. "Protected liberty interests 'may arise from two sources—the Due Process Clause itself and the laws of the States.'" *Thompson*, 490 U.S. at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Petitioner's interest arises from the Due Process Clause. "Freedom from imprisonment—from government

custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Foucha v. Louisiana*, 504 U.S. 71, 86 (1992) ("Freedom from physical restraint [is] a fundamental right[.]"). "Even individuals . . . over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).

Here, petitioner lawfully entered the United States in 2010 on F-1 visa status, he then had OPT work authorization, and thereafter H1-B visa status. *See* Doc. 5 at ¶ 6. He applied for his visa status change five months before his H1-B visa was due to expire, and since then his H-4 application has been pending with the USCIS for nearly eleven months. *See* Doc. 5 at ¶ 2; Doc. 10 at 2 n.1. While respondents argue that petitioner's H1-B visa has since expired, it expired only after he had timely submitted his visa status change application, which remains pending before the USCIS. *See* Doc. 5 at ¶ 2. In such circumstances, where the petitioner lawfully entered the United States on a nonimmigrant visa and subsequently timely applied for adjustment of status, "such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration of status," the petitioner has "a protected liberty interest." *Villanueva-Montanez v. Lyons*, No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026).

To determine what process is due, the Court examines the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976), "weighing the private interest affected, the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and the [g]overnment's interest." *Gagik T.*, 2026 WL 1837413, at *4. These factors weigh in petitioner's favor. His interest in his freedom is undeniably "substantial." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). Petitioner lived lawfully in the United States while he completed his studies, worked, married, and had a three-year-old son who is a U.S. citizen.

There is a substantial risk of erroneous deprivation in detaining petitioner without a prior hearing, as petitioner was legally present in the country for many years and had a pending application to adjust his status based on his wife's approved H-1B visa. *See Gagik T.*, 2026 WL

1837413, at *4 ("The risk of erroneous deprivation from seizing a long-present, work-authorized asylum applicant with no criminal history, without any prior opportunity to be heard, is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high.").

The government's interest in detaining petitioner without a pre-deprivation bond hearing is low. "Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." *Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1152-53 (E.D. Cal. 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Respondents do not argue that petitioner is a danger or presents any flight risk.

After considering these factors, the Court finds that petitioner is entitled to a pre-deprivation bond hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence.[1] *See Villanueva-Montanez*, 2026 WL 797930, at *2 (reaching the same conclusion); *Gagik T.*, 2026 WL 1837413, at *4 (same); *Jie Yu v. Field Office Director*, No. 1:26-cv-04648-MWJS, 2026 WL 1893576, at *2 (E.D. Cal. June 30, 2026) (same); *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *2 (E.D. Cal. Mar. 20, 2026) (same).

///

///

///

///

///

///

///

///

///

[1] As petitioner is entitled to a pre-deprivation bond hearing, the Court need not address the issue of whether petitioner's arrest was warrantless in violation of § 1226(a).

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Rajkishan Arikapudi (A-Number: 240 465 185) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 15, 2026

UNITED STATES DISTRICT JUDGE

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.